### Cleveland, Cincinnati, Chicago & St. Louis Railway Company v. Harrison F. Pinnell.

CARRIER—*when error to exclude contract of shipment from jury.* It is error to exclude a contract of shipment from the jury where there is evidence tending to show that the shipper knew of the contents of such contract and assented to the restrictions contained therein.

Action on the case. Appeal from the Circuit Court of Edgar county; the Hon. J. W. CRAIG, Judge, presiding. Heard in this court at the May term, 1905. Reversed and remanded. Opinion filed June 1, 1907.

C. S. CONGER and R. L. McKINLAY, for appellant.

DUNDAS & O'HAIR, for appellee.

MR. PRESIDING JUSTICE RAMSAY delivered the opinion of the court.

Harrison F. Pinnell brought suit in the Circuit Court of Edgar county to recover damages alleged to have been sustained by him through the negligence of appellant in delaying a shipment of cattle made by Pinnell from Kansas, Illinois, to Chicago. There was a judgment in favor of Pinnell in the sum of $250 from which the railway company has appealed.

It appears from the evidence that appellee, on November 24, 1903, at about eight o'clock P. M., shipped fifty head of cattle from Kansas, Illinois, consigned to Chicago, and that the customary time required for such shipment between such shipping point and Chicago was about eighteen hours.

Appellee contends that appellant was negligent in delaying prompt shipment from Kansas, Illinois, and in allowing the cattle to remain in the cars from about eight P. M. until after eleven o'clock P. M. before leaving such shipping station; that there was negligent delay between the point of shipment and Chicago so that the cattle did not reach Chicago until late in the night of the day following the shipment; that as the next day after the arrival of the cattle in Chicago was a holiday, no sale could be made until the third day following the shipment, and in consequence his cattle became "stale" upon the market and he suffered a loss for which appellant should be held responsible.

Upon the trial appellant offered in evidence a contract of shipment signed by appellee, which limited appellee in his right of recovery and provided that no claim for damages accruing to the shipper under the contract should be allowed or paid by the carrier, or suit brought in any court, unless the shipper filed a claim in writing therefor, verified, in the office of the freight claim agent in the city of Cincinnati, Ohio, within five days from the time the stock was removed from the cars. To this offer an objection was made which was sustained by the court, to which action of the court appellant excepted.

At the close of all the evidence the court gave for appellee a peremptory instruction directing the jury to find the issues in favor of appellee and assess his damages at such sum as they should think, from the evidence, he had sustained, to which action of the court exception was also taken by appellant. This action of the court would seem to have been taken upon the assumption that there was no evidence in the case even tending to show that appellee knew the contents of the shipper's contract, or that he ever assented to its terms. In this there was error.

While it is true that in his testimony appellee denied that he read the contract or knew its contents, yet he admitted that he had signed it; that he had an ordinary education and could read; that he had been engaged in shipping stock for about twenty years and frequently over the road of appellant; that he had signed many contracts of the same character, or similar in form, and knew this was a live stock contract and that the shipment of the cattle in question was made under the contract offered in evidence by appellant. The issue, thereupon, became an issue of fact for the jury to determine and not a question of law.

While it is true that under the decisions of the Supreme Court of our state it has been held that the mere receiving of a contract of shipment containing limitations, without notice of such limitations and restrictions to the shipper, does not of itself amount to an assent thereto upon his part, and that the burden of proof is upon the carrier to show assent upon the part of the shipper to such limitation, yet where there is any evidence tending to show notice it is for a jury to determine from all the evidence and circumstances whether or not the shipper did, as a matter of fact, know of the contents of the contract and assent to its terms. B. & O. S.-W. R. R. Co. v. Fox, 113 Ill. App. 180-187.

The evidence in the case at bar was not conclusive to the effect that appellee knew of the terms of the

contract, or assented thereto, but it was of a character tending to show such knowledge and should have been submitted to the jury as an issue of fact.

The court's refusal to submit that issue to the jury was prejudicial error. The judgment is reversed and the cause remanded.

*Reversed and remanded.*